JS 44 (Rev. 04/21) FLSD Revised 12/02/2022

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
Javier E. Garcia

## DEFENDANTS
Broward County Public Schools

**(b)** County of Residence of First Listed Plaintiff: Broward
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Broward
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Timothy M. Johnson, Esq
1600 W Oakland Park Blvd
Oakland Park, FL 33301
954-319-1699
Email: TimEsqFl@pm.me

Attorneys *(If Known)*

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)* (For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Med. Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Acts
- ☐ 720 Labor/Mgmt. Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent – Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act (TCPA)
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee – Conditions of Confinement

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed (See VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation Transfer
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Multidistrict Litigation – Direct File
☐ 9 Remanded from Appellate Court

## VI. RELATED/RE-FILED CASE(S)
*(See instructions):* a) Re-filed Case ☐ YES ☐ NO    b) Related Cases ☐ YES ☐ NO
JUDGE: _____    DOCKET NUMBER: _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
Employment Retaliation and Discrimination under 42 U.S.C. 2000e et seq
LENGTH OF TRIAL via ___ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
**DEMAND $** 93,204.73
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
DATE: 07/26/2024
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY : RECEIPT #** ___ **AMOUNT** ___ **IFP** ___ **JUDGE** ___ **MAG JUDGE** ___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Javier E. Garcia,**

**Plaintiff,**

v.                                                                                      **CASE NO.:24-CV-61342**

**Broward County Public Schools (BCPS),**

**Defendant.**

## COMPLAINT

COMES NOW the Plaintiff, Javier E. Garcia (hereinafter "Mr. Garcia"), by and through his undersigned counsel, and hereby files this Complaint against the Defendant, Broward County Public Schools (hereinafter "Defendant" or "BCPS"), and alleges as follows:

**INTRODUCTION**

1. This is an action for damages, back pay, front pay, and injunctive relief arising from the wrongful conduct of the Defendant against Mr. Garcia, including retaliation, discrimination, harassment, and defamation under Title VII of the Civil Rights Act.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it involves federal questions under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

3. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this claim occurred in this judicial district.

**PARTIES**

4. At all times material hereto, Mr. Garcia was employed by Defendant in Broward County, Florida.

5. Defendant, BCPS, is a public school district with its principal place of business in Broward County, Florida.

**FACTUAL ALLEGATIONS**

6. Mr. Garcia has been employed by Defendant for 33 years, most recently as a Systems Analyst III.

7. Mr. Garcia has held various secondary positions, including Afterschool Counselor, Microtech Specialist, and Database Developer, from September 1992 to September 2022.

8. In 2011, Chief of the Before and After School Care (BASCC) department, Joanne Harrison placed an employee named Michael Berg at the BASCC department.

9. In May 2012, Joanne Harrison denied Mr. Garcia's additional position for supporting the BASCC Program Data Management System databases, but Mr. Garcia continued giving support free of charge for 7 months.

10. On August 12, 2012, overstepping his authority, Michael Berg sent a notification to all aftercare supervisors instructing them not to call Mr. Garcia for support which was within Mr. Garcia's responsibilities at that time. Mr. Garcia complained about the conduct to his supervisor via email.

11. In December 2012, after being demoted by Superintendent Runcie for changing the original BASCC business plan, Chief Joanne Harrison announced her retirement. Within a few days, Mr. Garcia's timesheets were audited by the state.

2

12. In January 2013, Mr. Garcia began working his additional position supporting the BASCC database program until he was hired as a full-time Systems Analyst III in 2014 in the BASCC department. During his time as a full-time Systems Analyst III, Mr. Garcia also worked for the BASCC department with an additional position providing afterhours support.

13. On July 26, 2018, Michael Berg, sent Mr. Garcia a threatening email, attempting to intimidate Mr. Garcia into accepting responsibility for mistakes and delays impacting Beachside Montessori School.

14. On July 22, 2020, Michael Berg emailed confidential and inaccessible copies of Mr. Garcia's timesheets and information about a paycheck to the SIU detective, which had been provided by BASCC Bookkeeper, Corinne Voto.

15. On June 17, 2021, Michael Berg posted at least 50 derogatory notes throughout the BASCC department, calling Mr. Garcia a "Corrupt Predator." Despite a report to Chief of the Special Investigative Unit (SIU) Craig Kowalski, there was no response.

16. On July 12, 2021, Mr. Garcia reported the derogatory posting to the Broward County Sheriff's Office (BSO), which labeled the report as a threat but decided not to pursue the case since allegedly, Michael Berg had relocated out of state.

17. On August 20, 2021, the SIU detective met with the Corruption Unit of the Broward State Attorney's Office regarding the investigation of Mr. Garcia.

18. On March 3, 2022, SIU and General Counsel Marylin Batista met with ASA Boutros of the State Attorney's Office, who concluded the case did not warrant further criminal review.

19. On April 22, 2022, Mr. Garcia was removed from his primary position at BASCC due to an investigation into theft of a database intellectual property and reassigned to the Warehousing Services department. He was informed that during reassignment, he would not be allowed to work his secondary position at Tropical Elementary due to the nature of the allegation being investigated.

20. On April 25, 2022, Chief Kowalski told the Broward Teacher's Union (BTU) president, Anna Fusco that they had been trying to get Mr. Garcia for his timesheets.

21. On April 25, 2022, Mr. Garcia began working at the reassigned department, where the supervisor asked him to develop a database for tracking delivery punctuality.

22. On May 27, 2022, Mr. Garcia received a notice to appear for a statement at SIU on June 7, 2022.

23. On June 28, 2022, Mr. Garcia sent a letter to Superintendent Dr. Vickie Cartwright complaining about the investigation, requesting a meeting to discuss, and specially requesting that the Defendant preserve evidence related to the investigation.

24. On July 28, 2022, Mr. Garcia received a copy of the investigative report, which began after Michael Berg made allegations of "dire concerns of acts of harassment, verbal and sexual abuse, intimidation, coercion, lies, corruption and cronyism." The investigation transformed into a severe and thorough examination of time sheets looking for "double dipping." Ultimately, the investigation settled on theft of intellectual property but found no evidence to support the allegation after spending the majority of the report on the first two topics.

25. On August 22, 2022, Mr. Garcia received a supplemental report, bringing the total pages related to the investigation well over 1000 pages.

26. On August 31, 2022, Mr. Garcia appeared at the Professional Standards Committee (PSC) meeting, providing testimony and evidence of the mishandling and waste of the investigation. Mr. Garcia also called into question the motives of the SIU chief as well as the governing policies and procedures that allowed such a waste of public resources on such baseless allegations.

27. On September 9, 2022, the PSC concluded there was no legal basis to establish just cause for theft of intellectual property and instructed Mr. Garcia to return to the BASCC department on September 12, 2022.

28. On September 16, 2022, Mr. Garcia followed up with Dr. Cartwright regarding the PSC, wherein Mr. Garcia raised concern that SIU's conduct revealed in the investigation report did not provide confidence that there would not just be another effort to tactlessly probe Mr. Garcia's conduct. He requested a meeting to discuss this further but other than an acknowledgement, his concerns and requests were unaddressed.

29. On September 16, 2022, Mr. Garcia received a notice of reassignment to the IT department, changing his job duties significantly, from managing and maintaining databases for BASCC to general IT, and his direct reporting location was also changed.

30. On September 17, 2022, Principal Schneider of Tropical Elementary received a phone call from someone in the district that Mr. Garcia could not continue to work his secondary position or even volunteer despite being cleared of any wrongdoing.

31. Mr. Garcia has an email from Principal Schneider indicating that he could not even volunteer.

32. On October 13, 2022, an Employee & Labor Relations Grievance was filed for back pay while reassigned.

5

33. On November 17, 2022, an Employee & Labor Relations Grievance hearing for back pay while reassigned was held, and evidence of another employee (Michele Parsons) who received back pay for her secondary position while reassigned was submitted.

34. On December 7, 2022, the grievance was denied.

35. On December 21, 2022, a letter was sent to Lt. Governor Nuñez describing the situation and asking for guidance on how to proceed.

36. On December 22, 2022, Mr. Garcia received a phone call from the Florida Department of Education (FDOE) to investigate Michael Berg and the conduct described in the letter to the Lt. Governor.

37. On December 28, 2022, Mr. Garcia emailed Ian Dohme of the FDOE the specifics about Michael Berg. They advised that since Michael Berg does not possess a Florida Educator Certificate, they had no jurisdiction. Mr. Dohme recommended that an EEOC claim be filed.

38. On January 25, 2023, Mr. Garcia sent an email to School Board Chair Alhadeff describing his grievances and his attempts to discuss the matter with the Superintendent in the hopes that she would meet with Mr. Garcia to discuss further. This email went unanswered.

39. On February 28, 2023, Mr. Garcia filed a claim with EEOC against Broward County Public Schools for discrimination and retaliation.

40. On March 13, 2023, Mr. Garcia received a call from the Governor's office following up on his case, advising to keep them informed of the outcome of the EEOC charge.

41. On April 26, 2023, Defendant responded to Mr. Garcia's EEOC charge advising that the issues raised in the charged are subject to a current arbitration and accordingly Defendant was unable to provide a position statement at that time.

42. In May 2023, Mr. Garcia was reassigned to the BASCC department.

43. On April 30, 2024, Mr. Garcia received an EEOC letter with a right to sue.

44. On June 11, 2024, Mr. Garcia sent a demand letter to Dr. Howard Hepburn, Superintendent. Therein Mr. Garcia provided a history of investigations, his grievances, provided a remedy with concessions as a gesture of good faith, and requested a meeting to discuss the matter; the letter was followed-up on June 19, 2024, extending the initial deadline to respond which passed without any response or acknowledgment.

**CAUSES OF ACTION**

**COUNT I: RETALIATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT**

45. Mr. Garcia re-alleges and incorporates by reference paragraphs 1-44 as though fully set forth herein.

46. In this case, Mr. Garcia claims that Defendant retaliated against him because he took steps to enforce his lawful rights under Title VII of the Civil Rights Act.

47. Laws that prohibit discrimination in the workplace also prohibit an employer from taking any retaliatory action against an employee because the employee has asserted rights or made complaints under those laws.

48. Mr. Garcia engaged in protected activity by raising concerns about workplace issues and potential misconduct involving his supervisors, including:

- Filing a formal complaint or grievance with his employer regarding the discrimination or harassment.

- Reporting workplace discrimination or harassment to HR or a supervisor.

- Participating in an investigation into discrimination or harassment, such as providing testimony or evidence.

- Filing a complaint with the EEOC.

49. Defendant then took adverse employment actions against Mr. Garcia, including:

- Reassigning him to the IT department on September 16, 2022, significantly altering his job duties and reporting.

- Denying him the ability to work additional positions since September 17, 2022.

50. Defendant took these adverse employment actions because of Mr. Garcia's protected activity.

51. As a result of these adverse actions, Mr. Garcia has suffered damages, including lost wages, benefits, emotional distress, and damage to his reputation.

## COUNT II: DISCRIMINATION AND HARASSMENT UNDER TITLE VII OF THE CIVIL RIGHTS ACT

52. Mr. Garcia re-alleges and incorporates by reference paragraphs 1-51 as though fully set forth herein.

53. Mr. Garcia faced numerous unsubstantiated allegations, including harassment, verbal and sexual abuse, and intimidation, creating a hostile work environment.

54. Defendant's actions in subjecting Mr. Garcia to ongoing baseless investigations and public scrutiny were discriminatory and harassing, violating Title VII of the Civil Rights Act.

55. Mr. Garcia's treatment was due to his national origin and/or his gender as Michele Parsons was able to receive back pay in a similar situation and Michele Parsons does not share Mr. Garcia's Cuban origin and/or gender.

56. As a direct and proximate result of Defendant's discriminatory and harassing actions, Mr. Garcia has suffered damages, including emotional distress, mental anguish, and humiliation.

## COUNT III: DEFAMATION

57. Mr. Garcia re-alleges and incorporates by reference paragraphs 1-56 as though fully set forth herein.

58. Defendant's employees made false and damaging statements about Mr. Garcia's professional conduct and integrity.

59. These statements were disseminated within the school district, damaging Mr. Garcia's reputation and professional standing.

60. As a direct and proximate result of Defendant's defamatory actions, Mr. Garcia has suffered damages, including loss of reputation, emotional distress, and professional harm.

**DAMAGES**

61. As a direct and proximate result of Defendant's actions, Mr. Garcia has suffered and continues to suffer damages, including but not limited to loss of income, emotional distress, damage to reputation, and legal expenses.

62. Mr. Garcia was re-assigned and unable to work additional positions from April 25, 2022, until September 9, 2022, missing out on 489.29 hours of work at a rate of $37.06 per hour resulting in a total loss of income of $18,137.98.

63. Since September 19, 2022, until the filing of this complaint, Mr. Garcia has been denied the ability to work additional positions, missing out on 2025 hours of work at a rate of $37.07 per hour resulting in a total loss of income of $75,066.75. Each week this issue goes unresolved resulting in further economic damage to Mr. Garcia.

**RELIEF SOUGHT**

WHEREFORE, Mr. Garcia respectfully requests that this Honorable Court enter judgment in his favor and against Defendant Broward County Public Schools and award the following relief:

A. Compensatory damages for lost wages, benefits, and other economic damages;

B. Injunctive relief in the form of reinstatement to his additional positions or front pay in lieu thereof;

C. Compensatory damages for emotional distress, mental anguish, and humiliation;

D. Compensatory damages for loss of reputation and professional standing;

E. Prejudgment and post-judgment interest;

F. Costs and attorney's fees;

G. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Mr. Garcia hereby demands a trial by jury on all issues so triable as of right.

Respectfully submitted,

_/s/_                                                07/26/2024

Timothy Michael Johnson, Esq.
1600 W Oakland Park Blvd
Oakland Park, FL 33311
Timesqfl@pm.me
FL Bar: 1033469

11

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| Javier E. Garcia | ) |
|---|---|
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. 24-CV-61342 |
| Broward County Public Schools | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Broward County Public Schools
Kathleen C. Wright (KCW) Administration Center
600 SE 3rd Avenue
Fort Lauderdale, FL 33301

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Timothy Johnson, Esq.
1600 W Oakland Park Blvd
Oakland Park, FL 33301

Email: TimEsqFL@PM.ME

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____     _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 24-CV-61342

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: