UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-61343-CIV-DAMIAN

JAVIER E. GARCIA,

    Plaintiff,
v.

BROWARD COUNTY PUBLIC
SCHOOLS (BCPS),

    Defendants.
_____/

## ORDER ON PARTIAL MOTION TO DISMISS COMPLAINT [ECF NO. 33]

**THIS CAUSE** is before the Court upon Defendant, School Board of Broward County's (the "School Board" or "Defendant"), Partial Motion to Dismiss Complaint [ECF No. 33] (the "Motion"), filed June 16, 2025.

THE COURT has considered the Motion, the parties' briefing, the record, and the relevant authorities and is otherwise fully advised. For the reasons that follow, this Court finds that the Motion is due to be denied.

### I. RELEVANT BACKGROUND

This Court summarized the procedural and factual background in the May 22, 2025 Order on the School Board's Motion to Dismiss. *See* ECF No. 30. Therefore, the following background includes only that information relevant to the issues raised in the Motion now before the Court.

Plaintiff, Javier E. Garcia ("Garcia" or "Plaintiff"), filed the original Complaint against the School Board on July 26, 2024. [ECF No. 1]. In the Complaint, Garcia asserted claims for retaliation, discrimination, and harassment under Title VII of the Civil Rights Act

of 1964, as amended 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and a claim for defamation. *Id*. On July 29, 2024, this Court *sua sponte* dismissed the Complaint as an impermissible shotgun pleading. *See* ECF No. 5. After Garcia filed an Amended Complaint [ECF No. 6], the School Board filed a motion to dismiss the Amended Complaint in its entirety. [ECF No. 21].

On May 22, 2025, this Court granted in part the motion, dismissed the defamation claim with prejudice as time barred, and dismissed the remaining claims without prejudice and with leave to amend. [ECF No. 30]. On June 5, 2025, Garcia filed a Second Amended Complaint, the operative pleading. [ECF No. 32 ("SAC")]. In the Second Amended Complaint, Garcia asserts three claims: Retaliation Under Title VII (Count I), Gender Discrimination Under Title VII (Count II), and National Origin Discrimination Under Title VII (Count III).

On June 16, 2025, the School Board filed the Motion now before the Court seeking dismissal of Counts II and III of the Second Amended Complaint. In the Motion, the School Board argues that while Garcia identifies a comparator, the allegations in the Second Amended Complaint fail to establish that Garcia and his comparator are "similarly situated in all material respects." Garcia filed a Response to the Motion on July 1, 2025 [ECF No. 35 ("Response")], and the School Board filed a Reply on July 11, 2025. [ECF No. 38 ("Reply")]. The Motion is fully briefed and ripe for adjudication.

## II. APPLICABLE LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading withstands a motion to dismiss if it alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citing *SEC v. ESM Grp., Inc.*, 835 F.2d 270, 272 (11th Cir. 1988)). Federal Rule of Civil Procedure 8(a)(2) also requires that a pleading contain a "short and plain statement of the claim" showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citation and quotation marks omitted).

In addressing the merits of the Motion, Plaintiff's *pro se* Response, and the Second Amended Complaint, this Court is mindful that courts afford a liberal construction to the allegations of *pro se* litigants, holding them to more lenient standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010). In addition, a *pro se* litigant is still "subject to the relevant law and rules of court, including the Federal Rules of Civil

Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989), *cert. denied*, 493 U.S. 863 (1989).

## III.  DISCUSSION

This Court has carefully reviewed the allegations in Garcia's Second Amended Complaint and the parties' arguments regarding the School Board's challenges. As noted above, the School Board seeks dismissal of Counts II and III. *See generally* Mot. The undersigned first addresses Garcia's discrimination claims and then the parties' arguments regarding the issues raised in the Motion.

### A.  *Garcia's Allegations.*

In the Second Amended Complaint, Garcia alleges that he was employed by the School Board as a "Systems Analyst III with Before and After School Child Care (BASCC) and held a secondary position at Tropical Elementary supporting students and staff with technology, as well as supporting and maintaining a Student Data Management System." SAC ¶ 8. Garcia further alleges that, on September 16, 2022, he was reassigned from the BASCC department to the "Technology and Support Services Center (TSSC) after the Professional Standards Committee determined there was insufficient factual or legal basis to establish just cause." *Id.* ¶ 9. According to Garcia, during the reassignment, he was "denied the ability to work his secondary position, resulting in a loss of income totaling $125,077.50." *Id.* ¶ 10. Garcia alleges that the School Board took adverse employment actions against him after he engaged in protected activities under Title VII, including denying him the ability to work his secondary position and denying his grievance for back pay. *Id.* ¶¶ 11–12. Garcia claims that Michele Parsons, a white female employee, who worked as a teacher (her primary position) and Afterschool Supervisor (her secondary position), was reassigned pending an

investigation and initially lost her aftercare supplemental pay. *Id.* ¶ 13. Garcia alleges that the School Board "granted Parsons' grievance and paid her for all aftercare monies lost during her reassignment," (*id.* ¶ 14) but that the School Board denied him back pay for his secondary position despite his having filed a grievance. *Id.* ¶ 15.

### B. Title VII Discrimination Claims.

Title VII prohibits employers from intentionally discriminating against their employees based on "race, color, religion, sex, or national origin." *Lewis v. City of Union City*, 918 F.3d 1213, 1220 (11th Cir. 2019) (quoting 42 U.S.C. § 2000e-2(a)(1)). A complaint in an employment discrimination case need not contain specific facts establishing a *prima facie* case under the evidentiary framework for such cases to survive a motion to dismiss. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-12 (2002); *see also McCone v. Pitney Bowes, Inc.*, 582 F. App'x 798, 801, n.4 (11th Cir. 2014) (noting that *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), "had no impact on *Swierkiewicz*'s statement that a plaintiff is not required to plead a *prima facie* case of discrimination in order to survive dismissal"); *Steinberg v. Donahoe*, No. 13-61617-CIV, 2014 WL 1356711, at *10 (S.D. Fla. Apr. 7, 2014) (Rosenbaum, J.) ("The Court recognizes that a Title VII claimant's *prima facie* case under *McDonnell Douglas* is an evidentiary standard, not a pleading requirement; thus, the complaint need not establish every element of a *prima facie* case."). Nevertheless, complaints alleging discrimination still must provide enough factual matter (taken as true) to suggest a plausible claim of discrimination under the standards set by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See Henderson v. JP Morgan Chase Bank, N.A.*, 436 F. App'x 935, 937 (11th Cir. 2011) ("[C]omplaints alleging discrimination still must meet the 'plausibility standard' of *Twombly* and *Iqbal*.").

### C. Whether Garcia Pled Sufficient Facts To State A Claim For Disparate Treatment Under Title VII.

In the Motion, the School Board argues that Counts II and III should be dismissed because the allegations in the Second Amended Complaint fail to adequately plead that Garcia and his alleged comparator, Parsons, were similarly situated in all material respects, and therefore, the Complaint fails to plead any facts to support a discriminatory intent on the part of the School Board. Specifically, the School Board argues that the Complaint pleads no facts to establish that Garcia and Parsons engaged in the same conduct or that they were both subject to the same employment policy, guideline, or rule. Mot. at 3–4. The School Board further argues that the Complaint pleads no facts to establish that Garcia and Parsons reported to the same supervisor or that they both shared the same employment history. *Id.*

In Response, Garcia argues that he, a Cuban male, was treated less favorably than Parsons, a non-Cuban female, in their supplemental roles, thereby satisfying Title VII's pleading standard. Resp. at 2. More specifically, Garcia argues that proof of discriminatory intent for his gender and national origin discrimination claims lies in the fact that, whereas he, a Cuban male, was denied back pay for his secondary position after his grievance, Parsons – a white, non-Cuban, woman – received back pay for her secondary position after filing a grievance. *Id.* Garcia asserts that Parsons is an adequate comparator because they both (1) held secondary positions providing additional income, (2) were reassigned pending investigations, (3) lost supplemental pay, and (4) filed grievances seeking back pay. *Id.* Garcia also points out that the grievance process, "a key point of comparison, was the same for both." *Id.*

In the Reply, the School Board maintains that the Complaint fails to allege sufficient factual allegations to show that Garcia and Parsons were "similarly situated" and, without an

6

adequate comparator, it will be impossible for Garcia to establish the fourth element of his *prima facie* case.

To state a claim for disparate treatment under Title VII, a plaintiff must show that: (1) he is a member of a protected class, (2) he was qualified for the position, (3) he suffered an adverse employment action, and (4) he was treated less favorably than a similarly-situated individual outside his protected class. *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1289 (11th Cir. 2003). The School Board challenges Garcia's disparate treatment claims with respect to the fourth element.

As to the fourth element of the *prima facia* case, to show that he was treated less favorably than other similarly situated individuals, a plaintiff must identify a comparator and show that he and his comparator are "similarly situated in all material respects." *Lewis v. City of Union City*, 918 F.3d 1213, 1226 (11th Cir. 2019). The Eleventh Circuit has held that "similarly situated" means "similarly situated in all material respects." *Id.* at 1224. "[P]recisely what sort of similarity the in 'all material respects' standard entails will have to be worked out on a case-by-case basis, in the context of individual circumstances." *Id.* at 1227. Although formal labels regarding job title are unnecessary, a similarly situated comparator will have ordinarily engaged in the same basic conduct (or misconduct) as the plaintiff; been subject to the same employment policy, guideline, or rule as the plaintiff; shared the same supervisor as the plaintiff; and shared the plaintiff's employment or disciplinary history. *Id.* at 1227–28.

Contrary to the School Board's argument, this standard does not require that Garcia and his proffered comparator have the same employment history, work responsibilities, and superiors. Mot. at 3 (citing *Eliassaint v. RTG Furniture Corp.*, 551 F. Supp. 3d 1293, 1303 (M.D.

7

Fla. 2021)). Rather, such considerations are simply "guideposts" for the Court's analysis, which is "worked out on a case-by-case basis, in the context of the individual circumstances." *Lewis*, 918 F.3d at 1227. As the Eleventh Circuit explained in *Lewis*, a plaintiff does not need "to prove purely formal similarities—*e.g.*, that she and her comparators had precisely the same title." *Id.* "Nor will minor differences in job function disqualify a would-be comparator." *Id.*

In the Second Amended Complaint, Garcia identifies Michele Parsons as a comparator for purposes of his Title VII gender and national origin discrimination claims. SAC ¶¶ 25–40. Specifically, Garcia alleges the School Board discriminated against him based on his gender (male) and national origin (Cuban) by denying him back pay for his secondary position while granting back pay to a non-Cuban female employee, Michele Parsons. *Id.* ¶¶ 27, 35. Garcia claims that he and Parsons are similarly situated because they were both (1) employees of the School Board, (2) reassigned pending investigations into their conduct, and (3) holders of secondary positions providing additional income. *Id.* ¶¶ 28, 36. Garcia further alleges that his comparator "received back pay for her secondary position . . . through a successful grievance," while Garcia "was denied back pay despite filing a grievance." *Id.* ¶¶ 29, 37. Garcia alleges there is no legitimate, non-discriminatory reason for this differential treatment. *Id.* ¶¶ 30, 38.

This Court finds that these allegations, which are taken as true at this stage, are sufficient to identify a similarly situated individual outside Garcia's protected class who was treated more favorably in order to withstand the School Board's Partial Motion to Dismiss. *See Lewis*, 918 F.3d at 1218 (noting for comparators to be similarly situated, they do not have to be "nearly identical," but rather, "similarly situated in all material respects"); *see also Borgella v. Robins & Morton Corp.*, No. 1:21-CV-22789-JLK, 2022 WL 2104215, at *3 (S.D. Fla.

June 10, 2022) (King, J.) ("Arguments regarding whether coworkers were actually similarly situated is [sic] again, best left until after discovery."); *Santiago v. University of Miami*, No. 22-CV-23384, 2023 WL 3045417, at *9–10 (S.D. Fla. Apr. 6, 2023) (Damian, J.), *report and recommendation adopted*, 2023 WL 3043414 (S.D. Fla. Apr. 21, 2023) (Bloom, J.) (finding plaintiff's allegations sufficient at the motion to dismiss stage where plaintiff identified a comparator who was not disciplined for taking time off from work while plaintiff was).

### IV.     CONCLUSION

Accordingly, for the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Partial Motion to Dismiss [**ECF No. 33**] is **DENIED**. Defendant shall file an Answer to Counts II and III of the Second Amended Complaint no later than **fourteen (14)** days from the date of this Order.

**DONE AND ORDERED** in Chambers in the Southern District of Florida this 6th day of October, 2025.

 _____
 **MELISSA DAMIAN**
 **UNITED STATES DISTRICT JUDGE**

cc: Javier E. Garcia, *Pro se*
 Counsel of Record